**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TOBENNA NWIZU, M.D.,** | ) | CASE NO.: |
|    2215 Cedar Springs Road | ) | |
|    Dallas, TX 75201, | ) | JUDGE |
| | ) | |
|        Plaintiff, | ) | |
| | ) | **COMPLAINT** |
|     vs. | ) | |
| | ) | |
| **THE CLEVELAND CLINIC** | ) | **Plaintiff demands a trial by jury on** |
| **FOUNDATION,** | ) | **all issues triable of right by a jury,** |
|    c/o  its Statutory Agent | ) | **pursuant to Fed. R. Civ. P. 38.** |
|    CT Corporation System | ) | |
|    1300 East Ninth Street | ) | |
|    Cleveland, Ohio 44114, | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **MATT KALAYCIO, M.D.,** | ) | |
|    6285 South Applecross Road | ) | |
|    Highland Heights, Ohio 44143, | ) | |
| | ) | |
|      Defendants. | ) | |

## INTRODUCTION

1.     Plaintiff Tobenna "Toby" Nwizu, M.D. ("Plaintiff" or "Dr. Nwizu") is a Texas resident, who formerly resided in Ohio.

2.     Defendant The Cleveland Clinic Foundation ("CCF") is an Ohio non-profit corporation conducting business in the United States and the State of Ohio, residing in Cuyahoga County.

3.     Defendant Matt Kalaycio, M.D. ("Dr. Kalaycio") resides in Cuyahoga County, Ohio.

4.     Dr. Nwizu was employed by Defendants as a physician until the time of his wrongful termination in December 2015.

5.    Dr. Nwizu is a "person" and an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), 42 U.S.C. § 1981, and Chapter 4112 of the Ohio Revised Code.

6.    Defendants are each a "person," "individual", and an "employer" as defined and used in Title VII and Chapter 4112 of the Ohio Revised Code.

7.    Venue is proper in the Northern District of Ohio, because Defendants conduct business and reside in Cuyahoga County, in the Northern District of Ohio, and the conduct and injuries giving rise to the claims arose in Cuyahoga County, in the Northern District of Ohio.

8.    All jurisdictional prerequisites have been met. Jurisdiction is proper under 28 U.S.C. § 1331, based on federal questions presented by Title VII and 42 U.S.C. § 1981.

9.    This court has supplemental jurisdiction over Plaintiff's Ohio state law claims under 28 U.S.C. § 1367.

10.    Nwizu has satisfied all administrative preconditions for filing suit under Title VII, has a valid right to sue notice issued from the Equal Employment Opportunity Commission, and this suit is timely filed.

## FACTS APPLICABLE TO ALL CLAIMS

11.    Plaintiff incorporates by reference the foregoing as if fully re-alleged herein.

12.    Dr. Nwizu is a Black man.

13.    Dr. Nwizu was born in Surulere, Lagos, Nigeria.

14.    Dr. Nwizu was employed by Defendants as an oncologist beginning on July 9, 2012.

15.    Defendant Matt Kalaycio began supervising Dr. Nwizu in or about mid-2014.

16.    In or about mid-2014, Dr. Nwizu's peers and colleagues, including nurses, began subjecting him to discriminatory harassment which his non-Black and/or non-African colleagues

did not experience, including making false accusation about his conduct and subjecting him to discriminatory performance reviews and unwarranted disciplinary measures.

17.     During the time he was employed by Defendants, Dr. Nwizu was subjected to discriminatory disparate treatment as compared to his non-Black and/or non-African peers with respect to the terms, conditions and privileges of employment, including, but not limited to, contracting and contract renewal, unfairly and discriminatorily scrutinizing and evaluating his work, subjecting him to false and discriminatory performance assessments, denying him needed tools, mentoring and support, sabotaging his relationships with coworkers and patients, imposing disparate and discriminatory standards and measures of performance and behavior, reprimanding him for conduct for which his non-African and/or non-Black counterparts were not reprimanded, subjecting him to discriminatory harassment, terminating him from his position, denying him professional support with respect to his interactions with others, and refusing to transfer, recall, or rehire him to his former position or to other open positions for which he was qualified.

18.     At all times relevant hereto, Dr. Nwizu was qualified for the positions in which he was employed, for which he applied, or for which he was considered.

19.     At all times relevant hereto, Dr. Nwizu successfully performed the duties and responsibilities of his positions.

20.     During his employment, Dr. Nwizu engaged in protected activity within the meaning of Title VII, 42 U.S.C. § 1981, and Chapter 4112 of the Ohio Revised Code by complaining to Defendants about unlawful discriminatory practices, harassment and treatment, including reporting discriminatory conduct that interfered with patient care.

21.     Defendants were aware of Dr. Nwizu's protected activity.

22.     Defendants did not respond to, investigate Dr. Nwizu's complaints or otherwise take steps to remedy the discriminatory and harassing conduct.

23.    On or about December 17, 2015, Defendants notified Dr. Nwizu that his contract would not be renewed, and that they would terminate Dr. Nwizu's employment.

24.    Dr. Nwizu was not terminated for any reasons related to his actual performance.

25.    Defendants did not renew Dr. Nwizu's contract.

26.    Defendants terminated Dr. Nwizu's employment.

27.    Defendants hired, retained, transferred and promoted non-Black and/or non-African individuals into Dr. Nwizu's position (including assigning his duties, patients and responsibilities to non-Black and/or non-African individuals) and into open positions for which Dr. Nwizu was qualified and which were available.

28.    Upon information and belief, Defendants gave all of Dr. Nwizu's work to non-African and/or non-Black employees.

**FIRST AND SECOND CAUSES OF ACTION**
**(Race, Color and/or National Origin Discrimination in Violation of Title VII and Ohio Rev.**
**Code § 4112.02)**

29.    Plaintiff incorporates by reference the foregoing as if fully re-alleged herein.

30.    At all times relevant hereto, Plaintiff was qualified for the positions in which he was employed by Defendants.

31.    Defendants terminated Plaintiff's employment on or about December 17, 2015.

32.    Defendants unlawfully discriminated against Plaintiff because of his race, color and/or national origin when they terminated his employment.

33.    Defendants have otherwise discriminated against Plaintiff on the basis of his race, color and/or national origin with respect to the terms, conditions and privileges of employment, including, but not limited to, contracting and contract renewal, unfairly and discriminatorily scrutinizing and evaluating his work, subjecting him to false and discriminatory performance assessments, denying him needed tools, mentoring and support, sabotaging his relationships with

coworkers and patients, imposing disparate and discriminatory standards and measures of performance and behavior, reprimanding him for conduct for which his non-African and/or non-Black counterparts were not reprimanded, subjecting him to discriminatory harassment, terminating him from his position, denying him professional support with respect to his interactions with others, and refusing to transfer, recall, or rehire him to his former position or to other open positions for which he was qualified, in violation of Title VII and R.C. §§ 4112.02(A) and 4112.99.

34.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

35.     Defendants' discriminatory actions against Plaintiff in violation of Title VII, R.C. §§ 4112.02(A) and 4112.99 were willful, reckless, and/or malicious and render Defendants liable for past and future economic and non-economic compensatory and punitive damages pursuant to Title VII and R.C. § 4112.99, as well as attorneys' fees, costs and any equitable relief that this Court deems appropriate.

## **THIRD CAUSE OF ACTION**
### **(Employment Discrimination on the Basis of Race in Violation of 42 U.S.C. § 1981)**

36.     Plaintiff incorporates by references the foregoing as if fully re-alleged herein.

37.     Defendants intended to discriminate against Plaintiff on the basis of his race. Specifically, Defendants treated Plaintiff differently than his white peers including, but not limited to engaging in the following conduct: unfairly and discriminatorily scrutinizing and evaluating his work, subjecting him to false and discriminatory performance assessments, refusing to investigate his work-related complaints, denying him needed tools, mentoring and

support, sabotaging his relationships with coworkers and patients, imposing disparate and discriminatory standards and measures of performance and behavior, reprimanding him for conduct for which his white counterparts were not reprimanded, subjecting him to discriminatory harassment, denying him professional support with respect to his interactions with others and refusing to transfer, recall, or rehire him to his former position or to other open positions for which he was qualified, because he complained about unlawful discrimination based on race.

38.     Defendants' discriminatory actions against Plaintiff interfered with his right to make and enforce a contract with Defendants, including by preventing him from enjoying all of the benefits, privileges, terms, and conditions of his contractual relationship with Defendants.

39.     Defendants' proffered reasons for terminating, non-renewing Plaintiff's contract, and taking adverse action against Plaintiff were pretextual.

40.     Defendants terminated, took adverse action against Plaintiff, and failed to renew his contract based on racial prejudice.

41.     As a direct and proximate result of Defendants' discriminatory conduct based on race in violation of 42 U.S.C. § 1981, Plaintiff suffered and will continue to suffer economic compensatory and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

42.     As a result of Defendants' wrongful and discriminatory conduct under 42 U.S.C. § 1981, Defendants are liable to Plaintiff for past and future economic and non-economic compensatory and punitive damages, as well as attorneys' fees, costs, expenses and any equitable relief that this Court deems appropriate.

## FOURTH, FIFTH AND SIXTH CAUSE OF ACTION
### (Retaliation in Violation of Title VII, 42 U.S.C. § 1981 and Chapter 4112)

43.     Plaintiff incorporates by reference the foregoing as if fully re-alleged herein.

6

44.     Plaintiff engaged in protected activity within the meaning of Title VII, 42 U.S.C. § 1981, and Chapter 4112 of the Ohio Revised Code by complaining to Defendants about unlawful discrimination based on his race, color and/or national origin.

45.     Defendants were aware of Plaintiff's protected activity.

46.     Defendants' discriminatory conduct as described herein, and in which Defendants participated, was reported to Defendants who failed to take prompt, remedial and appropriate steps to address the unlawful treatment of Plaintiff.

47.     Defendants unlawfully took action against Plaintiff with respect to the terms, conditions and privileges of his employment, including, but not limited to, contracting and contract renewal, unfairly and discriminatorily scrutinizing and evaluating his work, subjecting him to false and discriminatory performance assessments, refusing to investigate his work-related complaints, denying him needed tools, mentoring and support, sabotaging his relationships with coworkers and patients, imposing disparate and discriminatory standards and measures of performance and behavior, reprimanding him for conduct for which  his non-Black and/or non-African counterparts were not reprimanded, subjecting him to discriminatory harassment, terminating him from his position, denying him professional support with respect to his interactions with others, and refusing to transfer, recall, or rehire him to his former position or to other open positions for which he was qualified, because he complained about unlawful discrimination based on race, color and/or national origin.

48.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, the loss of salary and benefits and other privileges and conditions of employment.

49.     Defendants' retaliatory actions against Plaintiff in violation of Title VII, 42

U.S.C. § 1981 and R.C. §§ 4112.02(I) and 4112.99 were willful, reckless, and/or malicious, in disregard of his rights, and render Defendants liable for past and future economic and non-economic compensatory and punitive damages, reasonable attorneys' fees, costs and expenses pursuant to Title VII, 42 U.S.C. § 1981 and R.C. § 4112.99.

## SEVENTH CAUSE OF ACTION
### (Aiding and Abetting Discrimination)

50.     Plaintiff incorporates by reference the foregoing as if fully re-alleged herein.

51.     Defendants The Cleveland Clinic Foundation and Dr. Kalaycio aided and abetted each other in discriminating and retaliating against Plaintiff in violation of R.C. § 4112.02(J) because of his race, color, national origin, and because he opposed unlawful discrimination.

52.     As a direct and proximate result of Defendants' aiding and abetting discrimination in violation of R.C. § 4112.02(J), Plaintiff suffered and will continue to suffer economic compensatory and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

53.     Defendants' discriminatory actions against Plaintiff in violation of R.C. §§ 4112.02(J) and 4112.99 were willful, in bad faith, conducted with malicious purpose, conducted in a wanton or reckless manner, and/or in disregard of his rights, and render Defendants liable for past and future economic and non-economic compensatory and punitive damages, as well as attorneys' fees, costs, expenses and any equitable relief that this Court deems appropriate.

## PRAYER FOR RELIEF

Plaintiff Dr. Tobenna "Toby" Nwizu seeks an amount in excess of $75,000 to fully, fairly and justly compensate him for injury, damage and loss, and respectfully prays that this Court enter judgment in his favor and award him past and future economic and non-economic

compensatory damages, fringe benefits, consequential damages, special damages, incidental damages, punitive damages, liquidated damages, interest, attorneys' fees, all fees and costs, and any additional equitable relief that the Court deems appropriate, including, but not limited to, back pay, front pay, reinstatement and promotion.

Respectfully submitted,

*/s/ Christopher P. Thorman*
CHRISTOPHER P. THORMAN (0056013)
cthorman@tpgfirm.com
LARA S. NOCHOMOVITZ (0096131)
lnochomovitz@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
50 E. Washington St.
Cleveland, OH 44022
Tel. (216) 621–3500
Fax (216) 621–3422

*Attorneys for Plaintiff Dr. Tobenna "Toby" Nwizu*