IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TOBENNA NWIZU, M.D.,** | ) | CASE NO: 1:17-cv-01039 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | **ANSWER OF DEFENDANTS** |
| **THE CLEVELAND CLINIC** | ) | **THE CLEVELAND CLINIC** |
| **FOUNDATION, et al.** | ) | **FOUNDATION AND MATT** |
| | ) | **KALAYCIO, M.D.** |
| | ) | |
| Defendants. | ) | |

Now come Defendants the Cleveland Clinic Foundation ("CCF") and Matt Kalaycio, M.D. (jointly referred to herein as "Defendants"), by and through counsel, and for their Answer to Plaintiff Tobenna Nwizu's ("Nwizu" or "Plaintiff") Complaint ("Complaint") state as follows:

**SPECIFIC ADMISSIONS, DENIALS, AND AVERMENTS**

*INTRODUCTION*

1. Defendants admit that Plaintiff formerly resided in Ohio, and deny all other allegations contained in Paragraph 1 of the Complaint due to lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit that Plaintiff was appointed by Defendant CCF as a physician and deny all remaining allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 of Plaintiff's Complaint contains allegations which call for a legal conclusion to which no response is required. To the extent a response is required, the statutes speak for themselves.

1

6. Paragraph 6 of Plaintiff's Complaint contains allegations which call for a legal conclusion to which no response is required. To the extent a response is required, the statutes speak for themselves.

7. Defendants admit that venue is proper in the Northern District of Ohio, Eastern Division, as the events giving rise to these alleged claims occurred in Cuyahoga County. Defendants deny all other allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that paragraph 8 of Plaintiff's Complaint seeks to invoke the jurisdiction of the Court under 28 U.S.C. § 1331.

9. Defendant admits that that paragraph 9 of Plaintiff's Complaint seeks to invoke the jurisdiction of the Court over his state law claims under 28 U.S.C. § 1367.

10. Defendants admit that Plaintiff filed separate charges of discrimination with the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission, both of which contained allegations of discrimination on the basis of race, color, or national origin and of retaliation. Defendants further admit that the Ohio Civil Rights Commission issued a Letter of Determination finding no probable cause and dismissing the charge on December 15, 2016. Defendants deny all other allegations contained in paragraph 10 of the Complaint due to lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Further responding, any alleged administrative agency determinations speak for themselves.

*FACTS APPLICABLE TO ALL CLAIMS*

11. In answering paragraph 11 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 10 of this Answer as if fully re-written and restated here.

12. Defendants admit the allegations in paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint due to lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

14. Defendants admit the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendants admit that Dr. Kalaycio supervised Plaintiff during part of his employment. Defendants deny the remaining allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations in paragraph 23 of Plaintiff's Complaint, as written. Defendants advised Plaintiff that at the expiration of his current one year appointment, he would only be appointed for an additional 6-month term. Plaintiff elected to tender his resignation in response.

24. Defendants deny the allegations in paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations in paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendants neither admit nor deny the allegations in paragraph 27 of Plaintiff's Complaint, as they are without sufficient information to form a belief as to the truth of the averments.

28. Defendants neither admit nor deny the allegations in paragraph 28 of Plaintiff's Complaint, as they are without sufficient information to form a belief as to the truth of the averments.

### FIRST AND SECOND CAUSES OF ACTION
(Race, Color and/or National Origin Discrimination in Violation of Title VII and Ohio Rev. Code § 4112.02)

29. In answering paragraph 29 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 28 of this Answer as if fully re-written and restated here.

30. Defendants deny the allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations in paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations in paragraph 35 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION
(Employment Discrimination on the Basis of Race in Violation of 42 U.S.C. § 1981)

36. In answering paragraph 36 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 35 of this Answer as if fully re-written and restated here.

37. Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations in paragraph 42 of Plaintiff's Complaint.

### *FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION*
(Retaliation in Violation of Title VII, 42 U.S.C. § 1981, and Chapter 4112)

43. In answering paragraph 43 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 42 of this Answer as if fully re-written and restated here.

44. Defendants deny the allegations in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations in paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations in paragraph 49 of Plaintiff's Complaint.

### *SEVENTH CAUSE OF ACTION*
(Aiding and Abetting Discrimination)

50. In answering paragraph 50 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 49 of this Answer as if fully re-written and restated here.

51. Defendants deny the allegations in paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations in paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations in paragraph 51 of Plaintiff's Complaint.

54. Defendants deny each and every other allegation not specifically admitted herein.

### *PRAYER FOR RELIEF*

**55.** Defendants specifically denies that Plaintiff is entitled to any relief requested in the "Prayer for Relief" that follows Counts I, II, III, IV, V, VI, and VII.

### **AFFIRMATIVE DEFENSES**

56. Defendants assert the following affirmative and additional defenses to the Plaintiff's Complaint, but do not assume the burden of proof on any such defense except as required by law.

57. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

58. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

59. Plaintiff is not entitled to all or part of the relief sought.

60. Plaintiff's claims are barred, in whole or in part, because Defendants have, at all relevant times herein, acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

61. Plaintiff's claims are barred because Plaintiff does not have clean hands.

62. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, merger, bar or consent.

63. Plaintiff's claims are barred because Plaintiff has failed to mitigate his damages and other relief claimed, or, in the alternative, the damages and other relief claimed are limited to the extent Plaintiff has failed to mitigate same.

64. Plaintiff's complaint is barred, in whole or in part, because the Defendants exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory

conduct and because Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by the Defendants or to avoid harm otherwise.

65. Defendants did not discriminate, retaliate, or engage in any unlawful conduct against Plaintiff at any time, and Defendants' actions were reasonable, made in good faith, and based solely on legitimate, non-discriminatory, and non-retaliatory reasons.

66. Defendants would have taken the same action regardless of Plaintiff's protected status, if any.

67. Plaintiff has failed to allege facts sufficient to support a claim of discrimination, retaliation, and/or aiding or abetting discrimination.

68. Plaintiff's claims for damages are barred or must be reduced on account of O.R.C. §§ 2315.18, 2315.20, and 2315.21, and any potential claim for punitive damages is barred or must be reduced on account of 42 U.S.C. § 1981(a)(b) and O.R.C. §§ 2315.21 and 2744.05(A). Any claims for punitive damages must be bifurcated.

69. In the event a judgment should be entered against Defendants, Defendants are entitled to a reduction of the judgment to the extent of any collateral source payments.

70. Plaintiff suffered no compensable damages as a result of any alleged actions of Defendants.

71. Plaintiff is not entitled to attorneys' fees and costs and Plaintiff's prayers for such relief should be denied.

72. Plaintiff is not entitled to recover punitive damages because at all relevant times, Defendants made good faith efforts to comply with all applicable laws.

73. Defendants reserve the right to raise additional defenses as discovery proceeds.

**WHEREFORE**, having fully answered Plaintiff's Complaint, the Defendants pray that this Honorable Court will dismiss Plaintiff's Complaint in its entirety with prejudice, with costs, including reasonable attorneys' fees, taxed to Plaintiff, and such other relief as may be appropriate and as ordered by this Court.

## **DEMAND FOR JURY TRIAL**

Under Civ. R. 38(B), Defendants demand a jury trial on all issues so triable.

Respectfully submitted,

ZASHIN & RICH CO., L.P.A.

/s/ Jeffrey J. Wedel
Jeffrey J. Wedel (0041778)
jjw@zrlaw.com
Ernst & Young Tower
950 Main Ave., 4th Floor
Cleveland, OH 44113
P: 216.696.4441
F: 216.696.1618

Scott H. DeHart (0095463)
shd@zrlaw.com
17 S. High Street, Suite 900
Columbus, OH 43213
P: 614.224.4411
F: 614.224.4433

*Attorneys for Defendants the Cleveland Clinic Foundation and Matt Kalaycio, M.D.*

## **CERTIFICATE OF SERVICE**

This will certify that the foregoing *Answer of Defendants The Cleveland Clinic Foundation and Matt Kalaycio, M.D.,* was filed electronically on July 21, 2017.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Jeffrey J. Wedel
Jeffrey J. Wedel (0041778)
jjw@zrlaw.com
Zashin & Rich Co., L.P.A.
Ernst & Young Tower
950 Main Ave., 4th Floor
Cleveland, OH 44113
P: 216.696.4441
F: 216.696.1618